## Matthews v. Morrisdale Coal Company et al.

*Workmen's compensation — Mines and mining — Bituminous mines — Gaseous mines—Misdemeanor.*

1. Rule 25 of article 25 of the Bituminous Act of June 9, 1911, P. L. 827, making it a misdemeanor to fail to properly tamp charging holes in mines, applies only to gaseous mines.

2. If a workman fails to tamp a hole in a non-gaseous mine, he is not guilty of a misdemeanor, and, if he is injured in so doing, he is not barred from recovery under the Workmen's Compensation Act.

Appeal from award of the Workmen's Compensation Board. C. P. Clearfield Co., Sept. T., 1927, No. 587.

*Edward J. Thompson*, for claimant.

*Bell, Boulton & Forsyth* and *Harry S. Nesbit*, for defendants.

CHASE, P. J., Oct. 19, 1927.—The appellant in this case contends that the claimant is not entitled to the award of compensation because the facts found by the referee, as affirmed by the Compensation Board, show that the claimant was violating rule 25, article XXV, of the bituminous mine laws at the

time of the accident. The article of the mine law in question reads as follows: "In gaseous mines, shot-firers or any other person charging holes for blasting shall use incombustible material for tamping. All holes, before being fired, shall be solidly tamped the full length of the hole. Any person who violates this rule shall be guilty of a misdemeanor." The referee and the Compensation Board held that this rule relative to tamping applies only to gaseous mines and that it does not apply in this case, since the mine in which the claimant was injured was a non-gaseous mine.

It is unnecessary to recite the finding of facts by the referee, as it is agreed by all parties in interest that the finding of facts by the referee are correct and that the only issue raised is whether or not the section of the mining law above indicated has application to a non-gaseous mine. If so, the claimant would not be entitled to compensation.

In interpreting this clause, it is to be kept in mind that the principle of law that the clause being penal in its nature, it must plainly appear from the language used therein that it makes the particular conduct of the claimant, as found by the referee and not disputed, a violation of its provisions; or, in other words, that the provision must receive a strict construction and any doubt must be resolved in favor of the claimant.

Another principle of law which is well settled is that the Workmen's Compensation Act, being remedial legislation, is to receive a liberal construction in favor of claimants.

As to the extent [to which] this principle of law first above stated goes, it is only necessary to call to mind that, in the trial of a cause for commission of a misdemeanor, unless a jury finds that there has been a commission of the misdemeanor in question from the facts in the case beyond a reasonable doubt, the jury must acquit, and if it appeared to a trial judge in the trial of a cause that the language of the act alleged to have been violated is such that it is not clearly indicated that, admitting the testimony in the case as being true, whether or not it would fall within a violation of the statute or provision, it would be the duty of the court to discharge a defendant; and, as we view it, under the authority given in the Workmen's Compensation Act to the referee and the board in determining whether or not a particular case is compensable, or where the question of non-compensability is raised solely upon the proposition that the claimant was engaged, while in the course of his employment, in so conducting his or her work that it would be a misdemeanor because of the manner of performing the same, the same rule of law should be applied by the referee as would govern the trial judge in disposing of the issue, if before the court on indictment.

In interpreting the provision under discussion in the instant case, the court is not aided to any extent by the Bituminous Law, Act of June 9, 1911, P. L. 827, because of the act covering the subject of mines, both gaseous and non-gaseous, and some provisions setting out clauses which by the language clearly appear to apply to all mines, while other clauses clearly appear to have application only to particular kinds of mines. And, again, because of the principle of law that a penal statute must either stand or fall in the interpretation of it solely upon the interpretation of the language in the statute or provision itself, and cannot be interpreted by extraneous matter; and if there is doubt arising out of the language itself as to whether it has particular application to the facts under discussion, the conclusion as a matter of law must be yielded to that the act does not apply.

The first sentence of the provision under discussion reads as follows: "In gaseous mines, shot-firers or any other person charging holes for blasting

shall use incombustible material for tamping." Of course, no question can be raised that this sentence applies exclusively to gaseous mines.

The sentence following reads: "All holes, before being fired, shall be solidly tamped the full length of the hole." It cannot be denied but that the subject introduced in this provision is gaseous mines. No one would, in the common ordinary interpretation of this clause as we view it, be led to the conclusion that the subject under discussion in this provision is coal mines generally. The impression made on the mind is that it has reference to a particular kind of mine, namely, a gaseous mine. However, the appellant claims that the sentence "all holes, before being fired, shall be solidly tamped the full length of the hole" has reference to all holes prepared in all mines. We do not feel that this sentence in its ordinary interpretation bears that construction. There is nothing in the sentence itself which would indicate that it has reference to all mines; the most that can be said is that it speaks of all holes; uses the term "all holes." Naturally, the question arises, all holes where? In arriving at an answer to that question, in view of the interpretation to be given to a provision which is made a misdemeanor, we must look within the four corners of the provision itself for the answer, and we find it in this case in the two words "gaseous mines." So that the words "all holes" has reference to holes in gaseous mines which are being prepared for blasting purposes. That is the safe and justifiable construction as gathered from the language of the provision. A construction which would give the effect to this sentence under discussion as having reference to all mines borders on the doubtful and questionable interpretation which the law will not permit.

The last sentence in the provision, "any person who violates this rule shall be guilty of a misdemeanor," adds force to the conclusion herein arrived at. It is noticed that this provision uses the words "this rule." If the interpretation requested by the appellant in this case was given to this provision, it would be necessary to determine that the legislature inadvertently used the word "this" instead of the word "these," and, as we understand the law in interpretation of statutes of this character, it is not permissible to read into a provision something that does not appear in the provision itself in the interpretation thereof. That is in effect, as we view it, what the appellant asks the court to do in this appeal, in so far as the second sentence of the provision under consideration is concerned; and as to this last provision, it asks the court to go a step further by seeking to have the court substitute a word for and in the place of a word which appears in the provision, which would as a matter of fact change the meaning of the provision entirely when it is sought to have the court arrive at the conclusion which would compel the taking out of the word "this" which appears in the provision and substitute the word "these," and that would be the effect and force if the conclusion was arrived at in this issue which the appellant contends for herein. As the court views it, this provision under consideration, under the rules of law and the proper interpretation to be given thereto, is that all the court can say as a matter of fact is that this provision has application solely to gaseous mines; that any conclusion which would extend the provision to extend to all holes in all mines which are prepared for blasting purposes would be a very doubtful construction, which would require the violation of the provisions of the law as to the interpretation of penal statutes.

As the proposition that the Workmen's Compensation Act, being remedial legislation, is to receive a liberal construction in favor of the claimant possibly adds no force to the conclusion herein arrived at and would possibly

Matthews *v.* Morrisdale Coal Company et al.

have no bearing upon the determination of this rule one way or the other, it will not be discussed.

Now, Oct. 19, 1927, the findings of fact and conclusions of law and the award of the Compensation Board are affirmed and judgment will be directed to be entered in accordance with the decree of the court upon counsel presenting the proper form to the court, with costs of this proceedings.

Exception noted and bill sealed to the Morrisdale Coal Company, defendant, and Pennsylvania Bituminous Casualty Company, insurance carrier.

From John M. Urey, Clearfield, Pa.